# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WILLIAM JAMES FRANZ,**

    **Plaintiff,**

v.                                                                                                         Case No:   6:19-cv-1048-Orl-LRH

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## MEMORANDUM OF DECISION[1]

William James Franz ("Claimant") appeals the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for disability insurance benefits. Doc. No. 1. Claimant raises three arguments challenging the Commissioner's final decision, and, based on those arguments, requests that the matter be reversed and remanded for further administrative proceedings. Doc. No. 26, at 13, 27, 31, 38. The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and should be affirmed. *Id.* at 39. For the reasons stated herein, the Commissioner's final decision is **AFFIRMED**.

**I.     PROCEDURAL HISTORY.**

On September 28, 2015, Claimant filed an application for disability insurance benefits, alleging a disability onset date of February 19, 2014. R. 171–76. Claimant's application was denied initially and on reconsideration, and he requested a hearing before an ALJ. R. 103–05, 108–12, 114–15. On May 17, 2018, a hearing was held before the ALJ, at which Claimant was

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. *See* Doc. Nos. 23–25.

represented by an attorney. R. 34–70. Claimant and a vocational expert ("VE") testified at the hearing. *Id.*

After the hearing, the ALJ issued an unfavorable decision finding that Claimant was not disabled. R. 20–29. Claimant sought review of the ALJ's decision by the Appeals Council. R. 12–15. On April 3, 2019, the Appeals Council denied the request for review. R. 1–6. Claimant now seeks review of the final decision of the Commissioner by this Court. Doc. No. 1.

## II.   THE ALJ'S DECISION.[2]

After careful consideration of the entire record, the ALJ performed the five-step evaluation process as set forth in 20 C.F.R. § 404.1520(a). R. 20–29.[3] The ALJ found that Claimant met the insured status requirements of the Social Security Act through March 31, 2020. R. 22. The ALJ concluded that Claimant had not engaged in substantial gainful activity since the alleged disability onset date: February 19, 2014. *Id.* The ALJ found that Claimant suffered from the following severe impairments: glenohumeral arthritis of the right shoulder; rotator cuff tear of the left shoulder (status post repair with labral arthroscopy); status post L4-5 decompression and interbody fusion due to stenosis with degenerative disease and spondylolisthesis; osteoarthritis of the right elbow; osteoarthritis of the bilateral knees, left worse than right, with medial compartment and bone-on-bone articulation; osteoarthritic changes of the left ankle and foot; and degenerative changes of

---

[2] Upon a review of the record, I find that counsel for the parties have adequately stated the pertinent facts of record in the Joint Memorandum. Doc. No. 26. Accordingly, I adopt those facts included in the body of the Joint Memorandum by reference without restating them in entirety herein.

[3] An individual claiming Social Security disability benefits must prove that he or she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). The five steps in a disability determination include: (1) whether the claimant is performing substantial, gainful activity; (2) whether the claimant's impairments are severe; (3) whether the severe impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant can return to his or her past relevant work; and (5) based on the claimant's age, education, and work experience, whether he or she could perform other work that exists in the national economy. *See generally Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520).

the cervical spine with posterior spurring at C5-6 and C6-7. R. 22–23. The ALJ concluded that Claimant did not have an impairment or combination of impairments that met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 23.

Based on a review of the record, the ALJ found that Claimant had the residual functional capacity ("RFC") to perform less than a full range of medium work as defined in the Social Security regulations,[4] as follows:

> [T]he claimant can lift and/or carry 50 pounds occasionally and 25 pounds frequently. The claimant can sit with normal breaks for a total of about 6 hours in an 8-hour workday, and stand and/or walk with normal breaks for a total of about 6 hours in an 8-hour workday. The claimant can frequently engage in non-weighted overhead reaching with the bilateral upper extremities, and frequently climb ramps and stairs, balance, stoop, kneel, and crouch. The claimant should never climb ladders or scaffolds, crawl, work at unprotected heights, or work with dangerous moving mechanical parts.

R. 23.

The ALJ concluded that Claimant was unable to perform any past relevant work because the demands of Claimant's past work as a municipal maintenance worker and small engine mechanic exceeded Claimant's RFC. R. 27. However, based on Claimant's age, education, work experience, and RFC, as well as the testimony of the VE, the ALJ concluded that there were jobs existing in significant numbers in the national economy that Claimant could perform, representative occupations which would include kitchen helper; dining room attendant; and counter supply worker. R. 28. Accordingly, the ALJ concluded that Claimant was not disabled from the alleged disability onset date through the date of the decision. R. 29.

---

[4] Pursuant to the Social Security regulations, "[m]edium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weight up to 25 pounds. If someone can do medium work, [the SSA] determine[s] that he or she can also do medium, light, and sedentary work." 20 C.F.R. §§ 404.1567(c), 416.967(c).

## III.  STANDARD OF REVIEW.

Because Claimant has exhausted his administrative remedies, the Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3).  The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV.  ANALYSIS.

In the Joint Memorandum, which I have reviewed, Claimant raises three assignments of error:  (1) the ALJ erred in the RFC determination by failing to properly weigh medical opinions, accurately characterize the medical evidence, and obtain all pertinent medical evidence; (2) the ALJ erred in relying on the testimony of the VE after posing a hypothetical that failed to adequately

reflect Claimant's limitations; and (3) the ALJ erred in evaluating Claimant's subjective complaints of pain. Doc. No. 26. Accordingly, these are the only issues that I address.

    A.    <u>Claimant's RFC</u>.

Claimant argues that the ALJ erred in his determination regarding Claimant's RFC in three respects: (1) failing to appropriately weigh the opinions of Claimant's treating physicians; (2) failing to accurately characterize the medical evidence; and (3) failing to fully develop the record. Doc. No. 26. Each of Claimant's contentions will be addressed, in turn.

    *1.    Medical Opinions.*

In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the medical opinions of treating, examining, and non-examining medical sources. *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The ALJ must consider a number of factors when weighing medical opinions, including: (1) whether the physician examined the claimant; (2) the length, nature, and extent of the physician's relationship with the claimant; (3) the medical evidence supporting the physician's opinion; (4) how consistent the physician's opinion is with the record as a whole; and (5) the physician's specialization. *Id.* § 404.1527(c). "These factors apply to both examining and non-examining physicians." *Huntley v. Soc. Sec. Admin., Comm'r*, 683 F. App'x 830, 832 (11th Cir. 2017) (citing 20 C.F.R. §§ 404.1527(e), 416.927(e)).[5]

A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *See* 20 C.F.R. § 404.1527(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence). There is good cause to assign a treating physician's opinion less than substantial or considerable weight, where:

---

[5] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36–2.

(1) the treating physician's opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the treating physician's opinion is conclusory or inconsistent with the physician's own medical records. *Winschel*, 631 F.3d at 1179 (citing *Phillips*, 357 F.3d at 1241).

      a.    Dr. Friedman.

Claimant first argues that the ALJ erred in failing to explicitly weigh the opinions of Jeffrey Friedman, D.O. Doc. No. 26, at 15–16. Dr. Friedman is Claimant's primary care physician. *Id.* at 9. On February 10, 2016, Dr. Friedman completed a Physical Residual Functional Capacity Questionnaire regarding Claimant's physical limitations. R. 643–47.

In the decision, the ALJ states as follows as it relates to Dr. Friedman:

> [T]he undersigned has considered the physical residual functional capacity questionnaire completed by [Dr. Friedman] (Exhibit 6F, Pg. 54). Dr. Friedman opined that due to shoulder, back, and knee pain, the claimant would be limited to walking 4 hours in an 8-hour day and sitting 4 hours in an 8-hour day with the need to take unscheduled breaks as needed. Although he states the claimant would be able to lift up to 50 pounds below waist, he would only be able to use his arms 50% of the time. He further assessed the claimant struggled from good and bad days and therefore would likely miss more than 4 days a month due to his impairments. <u>Although the undersigned accepts the claimant's functioning is limited due to his combined impairments, Dr. Friedman's limitations are grossly inconsistent with the evidence as a whole, including his own objective findings upon many examinations that claimant presented with a normal gait, full strength in all his extremities, and claimant's own reported improvement in pain following procedures</u>. Further, the claimant admits to fairly active daily activities that further support he would be able to perform work within the residual functional capacity above.

R. 26 (emphasis added).

Claimant is correct that an ALJ errs by failing to specify the weight afforded to the opinion of a treating physician. *See Brown v. Comm'r of Soc. Sec.*, 680 F. App'x 822, 824 (11th Cir. 2017). Contrary to Claimant's contentions, however, in this case it is clear from the ALJ's decision that he afforded the opinions of Dr. Friedman less than considerable weight. Thus, I do not find that the ALJ erred in failing to state the weight afforded to Dr. Friedman's opinions. *See, e.g.*,

- 6 -

*Miltenberger v. Colvin*, No. 3:15-CV-99 JVB, 2016 WL 8669521, at *2 (N.D. Ind. Sept. 30, 2016) (finding no requirement that the ALJ "use magic words for indicating what weight he's assigning to a medical opinion"); *Gilmore v. Comm'r of Soc. Sec.*, No. 4:13-CV-43, 2014 WL 2999574, at *7 (E.D. Tenn. July 2, 2014) ("The ALJ failed to explicitly state that he was not assigning Dr. Benne's opinion controlling weight; but, it is obvious that he is not and . . . there are no magic words needed to convey this information to the Court or Plaintiff.").

Moreover, even assuming that the ALJ's explanation that Dr. Friedman's opinions were "grossly inconsistent" was insufficient to satisfy the ALJ's obligation to state the weight afforded to such opinions, any error by the ALJ was, at most, harmless because the ALJ's analysis of Dr. Friedman's opinions in the decision allows for meaningful review. *See, e.g.*, *Kaplowitz v. Acting Comm'r of Soc. Sec.*, No. 18-12100, 2020 WL 1274509, at *5 (11th Cir. Mar. 17, 2020) (finding harmless error in ALJ failing to explicitly state weight given to medical opinion because the ALJ "clearly considered the opinion . . ., found that the evidence supported a contrary finding, and gave the opinion little to no weight—even if [the ALJ] did not explicitly state how little weight. And because the ALJ evaluated and discussed [the subject medical opinion, the Court was] able to determine 'whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" (quoting *Winschel*, 631 F.3d at 1179)). Here, the ALJ provided good cause reasons for giving Dr. Friedman's opinions less than considerable weight. Claimant does not challenge any of those reasons here, and thus has waived any argument in this regard. *Cf. Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (refusing to consider an argument that the claimant failed to raise before the district court). And, I note that those reasons—that the limitations posed by Dr. Friedman in the RFC Questionnaire were inconsistent with the medical

evidence, including Dr. Friedman's own examination findings, as well as Claimant's activities of daily living—are supported by substantial evidence.

Accordingly, Claimant has not established that the ALJ reversibly erred in failing to explicitly state the weight afforded to the opinions of Dr. Friedman.

        b.     Dr. Burkhart.

Claimant next argues that the ALJ erred in failing to state the weight afforded to the opinions of Bradd G. Burkhart, M.D., who treated Claimant for his right shoulder impairment. Doc. No. 26, at 5, 16. In his treatment notes, Dr. Burkhart opined that as of May 6, 2015, Claimant had reached maximum medical improvement and that Claimant had permanent restrictions of no overhead lifting or work, no lifting more than 15 pounds with the right upper extremity, and no lifting away from center for the right upper extremity. R. 370.

In the decision, the ALJ acknowledged the permanent restrictions imposed by Dr. Burkhart, but the ALJ found that "[a]lthough Dr. Burkhart has a treating relationship with the claimant, . . . these restrictions are inconsistent with documented improvement and findings of essentially normal strength following surgical procedures. Such limitations are, therefore, not persuasive because they are not consistent with the record." R. 25.

Claimant again argues that because the ALJ failed to explicitly state the weight assigned to Dr. Burkhart's opinion, it "is impossible to determine how this opinion was factored into the residual functional capacity or whether the decision of the ALJ is supported by substantial evidence." Doc. No. 26, at 17.

However, I again find that any error in the ALJ failing to explicitly weigh the opinions of Dr. Burkhart was, at most, harmless. It is clear from the decision that ALJ afforded the opinions of Dr. Burkhart less than considerable weight because the ALJ found that the permanent limitations

opined by Dr. Burkhart were "not persuasive." *See, e.g.*, *Kaplowitz*, 2020 WL 1274509, at *5. Moreover, the ALJ found that Dr. Burkhart's opinions were inconsistent with the record and documented findings of normal strength following surgical procedures. *See* R. 25. Claimant does not challenge that finding here, thereby waiving any such claim to the contrary. *Cf. Crawford*, 363 F.3d at 1161. And, I find that the ALJ's reason to find Dr. Burkhart's opinions "not persuasive" and "inconsistent with documented improvement and findings of essentially normal strength following surgical procedures" is supported by substantial evidence. *See* R. 25 (citing Exhibit 2F; 4F). Thus, because the ALJ's good cause reason for finding Dr. Burkhart's opinions less than persuasive is supported by substantial evidence, I find no reversible error. *See, e.g.*, *Kaplowitz*, 2020 WL 1274509, at *5.

        2.       *Medical Evidence.*

Claimant next argues that the ALJ did not accurately characterize the medical evidence of record. Doc. No. 26, at 17. Specifically, Claimant argues that the ALJ failed to cite a medical record demonstrating that he underwent a second lumbar fusion after the alleged onset date, which "is extremely important evidence that should have been seen by the ALJ." *Id.*

The Commissioner responds that the ALJ is not required to cite to every piece of evidence in the decision, so long as the ALJ considers the claimant's medical condition as a whole. *Id.* at 23. The Commissioner also argues that the medical record to which Claimant points actually supports the ALJ's decision, therefore, even if the ALJ erred, any error was harmless. *Id.* at 23–24.

The Commissioner's argument is more persuasive. As an initial matter, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision" enables the reviewing court to conclude that the ALJ considered the claimant's

medical condition as a whole. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). The ALJ's decision in this case satisfies this standard. In addition, on review, it is entirely unclear from Claimant's argument how the cited record supports his position. The record is a post-operative note from Dr. Rohit K. Khanna, M.D. R. 275. That record states that Calamint was six weeks post-op; his motor strength was 5/5; and he was ambulating independently. *Id.* The record further states that Claimant was "walking 2 miles a day with the minimal back pain and resolved neurogenic claudication and radicular symptoms," and that Claimant was "pleased with the results." *Id.* Claimant fails to explain how "the residual functional capacity determination may have been different," based on the post-operative note. *See* Doc. No. 26, at 17–18. Accordingly, I find no error.

### 3. *Full and Complete Record.*

Claimant also argues that based on a review of the medical records from her second lumbar surgery, "it is obvious" that "there are other medical records from the doctor performing the fusion [Dr. Khanna] that are not in the record." Doc. No. 26, at 18. In particular, Claimant argues that based on Dr. Khanna's post-op treatment note from the second lumbar surgery, "there is medical evidence from the operation that is missing from the record, and apparently other medical records from Dr. Khanna that were missing from the record." *Id.* Accordingly, Claimant suggests that there is "no way in knowing whether the missing evidence from Dr. Khanna would support the claimant's allegations regarding his inability to work." *Id.* at 19.

As the Commissioner argues, however, Claimant's argument is entirely speculative. *Id.* at 25. Claimant does not state that any particular records from Dr. Khanna exist or identify what information is contained in those additional records that would support his claim. *See Jones v. Astrue*, 691 F.3d 730, 734–35 (5th Cir. 2012) (claimant's bare assertion that additional records might

exist was not enough to support remand); *see also Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) (before the Court will remand a case for further development of the record, there must be a showing that the ALJ's failure to develop the record led to evidentiary gaps that resulted in unfairness or clear prejudice (citing *Brown v. Shalala*, 44 F.3d 931, 934-35 (11th Cir. 1995))).

Moreover, "the burden is on the claimant to show that she is disabled and, therefore, she is responsible for producing evidence to support her application." *McCloud v. Barnhart*, 166 F. App'x 410, 418 (11th Cir. 2006). At the hearing before the ALJ, the ALJ asked Claimant's representative whether there were any outstanding records, to which the representative responded, "No." R. 38. Thereafter, the ALJ left the record open for Plaintiff to submit new evidence regarding an x-ray for his knees. R. 52–53.[6] Claimant never mentioned any outstanding records from Dr. Khanna nor asked for additional time to submit records from Dr. Khanna. Instead, he represented that the record was otherwise complete. R. 38. Accordingly, I find Claimant's argument that the ALJ failed to fully develop the record unpersuasive.[7]

---

[6] At the administrative hearing, Claimant testified that approximately two weeks prior, he had x-rays of both knees and his neck. R. 53. Claimant's attorney tried to obtain the records prior to the hearing, but was unable to. *Id.* Therefore, counsel asked that the ALJ leave the record open for submission of those records; the ALJ obliged and allowed counsel 20 days. R. 53–54.

[7] It is true that the ALJ has basic obligation to develop a full and fair record. *See Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). However, Claimant argues that "[t]his duty requires that the ALJ 'scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts,' be 'especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited.' [*Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981), and 'investigate the facts and develop the arguments both for and against granting benefits.' *Crawford & Company v. Apfel*, 235 F.3d 1298, 1304 (11th Cir. 2000)." Doc. No. 26, at 18–19. *Cowart* and *Crawford*, however, involved cases where the claimant was not represented by counsel, and therefore the ALJ's obligation to develop a full and fair record rose to a "special duty." *See Graham*, 129 F.3d at 1422–23. Here, however, Claimant was represented by counsel during the administrative proceedings. *See* R. 34, 36–37.

B.     Testimony of the VE.

An ALJ may consider the testimony of a VE at step five of the sequential evaluation process when determining whether the claimant can perform other jobs in the national economy.  *Phillips*, 357 F.3d at 1240.  The ALJ must pose hypothetical questions that are accurate and that include all of the claimant's functional limitations.  *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985).  However, the ALJ is not required to include in the hypothetical question "each and every symptom" of the claimant's impairments, *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007), or "findings . . . that the ALJ . . . properly rejected as unsupported," *Crawford*, 363 F.3d at 1161.

Claimant essentially argues that based on the errors he outlines above regarding the ALJ's RFC determination, the ALJ's hypothetical to the VE did not accurately account for all of Claimant's limitations as outlined in the evidence.  Doc. No. 26, at 27–29.  Thus, Claimant's second assignment of error is contingent on the success of his first.  As discussed above, I find that Claimant has failed to establish that the ALJ erred regarding the RFC determination.  Consequently, "the ALJ's hypothetical question to the VE, which is consistent with the ALJ's RFC determination, properly accounted for Claimant's functional limitations."  *See Straka-Acton v. Comm'r of Soc. Sec.*, No. 6:14-cv-630-Orl-GJK, 2015 WL 5734936, at *4 (M.D. Fla. Sept. 29, 2015); *see also Ybarra v. Comm'r of Soc. Sec.*, 658 F. App'x 538, 543 (11th Cir. 2016) (rejecting argument that the ALJ's hypothetical to the VE was defective "because the criticisms that [the claimant] aims at the hypothetical question are identical to those leveled at the ALJ's RFC, and, as discussed above, the RFC is supported by substantial evidence").  Accordingly, the ALJ did not err by relying on the

testimony of the VE, *see Straka-Acton*, 2015 WL 5734936, at *4, and Claimant's second assignment of error is not well taken.[8]

  C.  Claimant's Subjective Complaints of Pain.

A claimant may establish disability through his own testimony of pain or other subjective symptoms. *Dyer*, 395 F.3d at 1210. A claimant seeking to establish disability through his or her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561–62. The Court will not disturb a clearly articulated credibility finding that is supported by substantial evidence. *Id.* at 1562.

If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. § 404.1529(c)(1). In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily

---

[8] Claimant also appears to argue that, as it relates to Claimant's sitting and standing limitations, the "hypothetical posed to the [VE] did not contain the exact limitations as noted in the [RFC] determination." Doc. No. 26, at 28. However, as the Commissioner argues, the hypothetical to the VE and the ALJ's RFC determination were nearly identical in this regard. *Compare* R. 23 (RFC determination: "sit with normal breaks for a total of about 6 hours in an 8-hour workday, and stand and/or walk with normal breaks for a total of about 6 hours in an 8-hour workday), *with* R. 66 (hypothetical to VE: "sit with normal break for 6 out of 8 hours; stand and/or walk with normal breaks for 6 out of 8 hours"). Claimant has failed to demonstrate that the RFC determination and the hypothetical to the VE differ in any material respects or that any error resulted therefrom. *See* Doc. No. 26, at 28–29.

activities and ability to work. *Id.* § 404.1529(c)(1)–(3). Factors relevant to the ALJ's consideration regarding a claimant's allegations of pain include: (1) daily activities; (2) the location, duration, frequency, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of medication; (5) treatment, other than medication, the claimant receives for pain; (6) measures used for pain relief; and (7) other factors pertaining to functional limitations and restrictions to pain. *Id.* § 404.1529(c)(3)(i)–(vii).

Here, Claimant argues that the ALJ failed to adequately assess his credibility and failed to provide sufficient reasoning to support the determination that he was not credible. Doc. No. 26, at 33–34. Claimant points to the following credibility finding by the ALJ:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

*See* R. 24.

As the Commissioner points out, however, Claimant essentially ignores the ALJ's discussion that follows this finding. In the decision, the ALJ details the medical evidence of record and the findings therein, the opinions of medical professionals and state agency consultants, and Claimant's subjective complaints to those professionals. R. 24–26. The ALJ summarizes his findings regarding Claimant's credibility as follows:

> Although the undersigned accepts that the claimant's impairments would somewhat erode his functional ability, the medical evidence of record does not support that he is as limited as he alleges. In fact, the claimant's significant activities of daily living, such as ability to care for his own needs, maintain a home, engage in yardwork, and even perform car repair, support that he would be able to perform a reduced range of medium work. He has admittedly made improvement through treatment and admits only using ibuprofen for his alleged pain. Objective findings throughout the medical evidence shows that although he had some reduced range of motion in some joints, he had a normal gait and essentially full strength in his upper and lower

>bilateral extremities. Further, he does not require use of an assistive device and admitted has no problems reading, writing, or managing finances, activities that one would assume would likely be hindered by poor concentration caused by severe chronic pain.. . . .

R. 27. Thus, in the decision, the ALJ relied on several reasons to find Claimant's subjective complaints of pain less than fully credible, which included, among other findings: (1) lack of support from the medical evidence of record; (2) Claimant's activities of daily living; (3) medical improvement; and (4) normal examination findings. *See id.* Claimant does not challenge any of these findings by the ALJ, and therefore has waived that argument before this Court. *Cf. Crawford*, 363 F.3d at 1161. Even if the argument were not waived, I find that the ALJ's good cause reasons to find Claimant's subjective complaints less than credible are supported by substantial evidence.

Therefore, Claimant's third assignment of error is unpersuasive.

## V. CONCLUSION.

Based on the foregoing, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of the Commissioner and **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on July 20, 2020.

									_____
									LESLIE R. HOFFMAN
									UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record